UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

    Plaintiff,

    v.

CARRON CALDWELL, CHAPLIN,
RAYMOND D. BOOKER, WARDEN,
and MICHAEL MARTIN, SPECIAL
ACTIVITIES DIRECTOR,

    Defendants.
    _____/

CASE NO. 2:11-CV-10448
JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON (1) DEFENDANT CALDWELL'S MOTION FOR SUMMARY JUDGMENT (docket #32); and (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (docket #40)**

I.    RECOMMENDATION: The Court should grant defendant Caldwell's motion for summary judgment and deny plaintiff's motion for summary judgment.

II.    REPORT:

A.    *Background*

Plaintiff Clarence Washington is a state prisoner who, at the times relevant to this complaint, was incarcerated at the Ryan Correctional Facility. Plaintiff commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on February 4, 2011, naming as defendant Carron Caldwell, the Chaplain at the Ryan Correctional Facility. On March 12, 2012, after being granted leave to do so by the Court, plaintiff filed an amended complaint. Plaintiff's complaint names as defendants Caldwell, Warden Raymond D. Booker, and Special Activities Director Michael Martin. As of the date of this Report, Booker and Martin do not appear to have been served with the amended complaint.

In his amended complaint, plaintiff alleges that he is a Protestant who considers fasting a part of his religious practice, in accordance with *Matthew* 4:1-2 ("Then was Jesus led up of the Spirit into the wilderness to be tempted of the devil. And when he had fasted forty days and forty nights, he was afterward hungry.") (*King James* version, as quoted at BibleGateway.com, <<http://www.biblegateway.com/passage/?search=Matthew+4%3A1-11&version=KJV>>). Plaintiff alleges that despite his religious beliefs, he was not allowed to participate in the fasting period set aside for Muslim prisoners to fast in observance of Ramadan. In the operative paragraphs of his amended complaint, plaintiff alleges:

9. On, or about July 30, 2010, Plaintiff Washington wrote to Defendant Caldwell, the prison's chaplain explaining his religious beliefs and his desire to be placed on the list of prisoners who would be fasting during the 31 days of Ramadan.

10. On August 10, 2010, Defendant Caldwell responded with a memo stating: "According to CMIS, your faith is other than Islamic. Lansing has required that only those prisoners who have declared Islam as their religion, e.g., Al Islam, Nation of Islam, or Moorish Science Temple of America be the only prisoners allowed to observe Ramadan."

11. Plaintiff Washington then wrote to Warden Booker explaining his religion, his desire to fast, and the importance of fasting to his religious beliefs. Plaintiff requested the Warden order him placed on the list of prisoners who would be fasting during the month of Ramadan, but Defendant Warden did not order Plaintiff placed on the list, nor did the Warden forward Plaintiff's request to CFA Coordinator Michael Martin as is required by PD 05.03.150.

12. Plaintiff Washington continually sought approval and had several verbal discussions with Defendant Caldwell who continued to insist she would only place Muslims on the fasting list. Caldwell was unable to provide any MDOC policy to support her action.

13. On August 18, 2010, Plaintiff Washington again wrote Defendant Caldwell (in accordance with PD 05.03.150) explaining the importance of fasting to his religious practices. In her response Defendant Caldwell wrote: "You can fast on your own. I fast on Tuesdays."

14. Neither Defendant Warden or Defendant Caldwell made any attempt to determine whether or not fasting for Plaintiff Washington was a religious

>practice, but made their dispositions based entirely upon the fact that the practice would not be allowed because Plaintiff was Protestant.

Amended Compl., ¶¶ 9-14. Plaintiff alleges that defendants violated the Free Exercise Clause of the First Amendment. He seeks declaratory and injunctive relief, compensatory damages totaling $250,000.00, and punitive damages of $5,000.00 against each defendant.

The matter is currently before the Court on motions for summary judgment filed by defendant Caldwell and plaintiff. On March 22, 2012, defendant Caldwell filed a motion for summary judgment, arguing that she is entitled to summary judgment because she did not make the decision to deny plaintiff a religious fast. Plaintiff filed a "Statement of Facts and Supporting Affidavit" on July 27, 2012, and an objection to defendant's motion for summary judgment on September 21, 2012. On September 24, 2012, plaintiff filed his own motion for summary judgment, to which defendant Caldwell filed a response on October 26, 2012.

B.  *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.   *Analysis*

Plaintiff alleges that defendants violated his right to freely exercise his religion by denying

him the opportunity to fast. With respect to plaintiff's claims against defendant Caldwell–the only defendant who has been served with the amended complaint–defendant is entitled to summary judgment because the uncontradicted evidence shows that she was not responsible for approving or denying plaintiff's request for a religious fast. It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Here, plaintiff cannot establish that defendant Caldwell herself violated his constitutional rights. In her affidavit, defendant Caldwell avers that her role in the matter was limited to forwarding plaintiff's request to defendant Martin, and informing plaintiff of Martin's response. *See* Aff. of Carron Caldwell, ¶¶ 9-10.[1] She also advised plaintiff that Policy Directive 05.03.150 provides the mechanism for a prisoner to observe religious facts. *See id.*, ¶ 11. The policy directive confirms that approval of religious fasts fall within the purview of the Correctional Facilities Administration (CFA) Special Activities Coordinator. *See* MDOC POLICY DIRECTIVE 05.03.150, ¶ XX. The policy directive further makes clear that a request for a religious fast is to be made in writing not to the chaplain, but to the Warden or Regional Administrator, who in turn forwards the request to the Special Activities Coordinator. *See id.* Plaintiff has presented no evidence to show that defendant Caldwell had any

---

[1] Defendant Caldwell's affidavit is attached to her first motion for summary judgment, filed on April 26, 2011.

role in denying him his religious fast other than passing on his request to defendant Martin (despite the clear requirement in the policy directive that plaintiff submit his request in writing to the Warden) and passing back Martin's response to plaintiff. Because defendant Caldwell lacked the authority to grant or deny plaintiff's request for a religious fast, she had no personal involvement in that decision and cannot be held liable. *See Hall v. Martin*, No. 1:10-cv-1221, 2012 WL 1579334, at *5 (Mar. 29, 2012), *magistrate judge's report and recommendation adopted*, 2012 WL 1579321 (E.D. Mich. May 3, 2012); *Keesh v. Smith*, No. 9:04-CV-779, 2011 WL 1135931, at *11 (Feb. 2, 2011), *magistrate judge's report adopted*, 2011 WL 1135929 (N.D.N.Y. Mar. 25, 2011); *McKinnon v. Watson*, No. 7:10-cv-00220, 2010 WL 5296845, at *4 (W.D. Va. Dec. 17, 2010); *Tafari v. Annets*, No. 06 Civ. 11360, 2008 WL 2413995, at *11 (June 12, 2008), *magistrate judge's report adopted*, 2008 WL 4449372 (S.D.N.Y. Oct. 2, 2008), *aff'd*, 363 Fed. Appx. 80, 82 (2d Cir. 2010). In short, "[d]efendant [Caldwell] was a [Chaplain] who was not personally involved in developing the [religious meal policy] and not authorized to make decisions regarding plaintiff['s] [religious fast]. The most that can be said of [Caldwell's] involvement is that she communicated the . . . policy to plaintiff [Washington]. This is insufficient to satisfy the requirement of direct personal involvement." *West v. Macht*, 235 F. Supp. 2d 966, 971 (E.D. Wis. 2002); *see also*, *Smith v. Goord*, 441 F. Supp. 2d 631, 644 (S.D.N.Y. 2006) (official who "had no authority to" take the action sought by plaintiff "cannot be found personally involved in that determination."). Accordingly, the Court should conclude that defendant Caldwell is entitled to summary judgment. For the same reasons, plaintiff is not entitled to summary judgment with respect to his claims against defendant Caldwell.

With respect to plaintiff's claims against defendants Booker and Martin, plaintiff is not entitled to summary judgment because they have not yet been served in this action. Although Rule 12(b)(1) requires a defendant to file a responsive pleading, "[b]efore a court may exercise personal

6

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Thus, "[o]nly a court that has jurisdiction over the defendant may require that the defendant state its substantive position in the litigation." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Further, actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown. *See Mid-Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of [judgment]." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008); *see also*, *Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 (D.D.C. 2007); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006). Because it does not appear that defendants Booker and Martin have yet been served in accordance with Rule 4, the Court should deny plaintiff's motion for summary judgment.[2]

D.  *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to raise a genuine issue of material fact showing that defendant Caldwell was personally involved in the decision to deny him a religious fast. Accordingly, the Court should grant defendant Caldwell's motion for summary judgment and should deny plaintiff's motion for summary judgment to the extent it seeks judgment against defendant Caldwell. The Court should deny the balance of plaintiff's motion for summary judgment because the two remaining defendants have yet to be served in accordance with Rule 4.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[2] A separate order directing the Marshal to serve these defendants will be entered.

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:1/31/13

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 31, 2013, by electronic and/or ordinary mail.*

s/Eddrey O. Butts  
*Case Manager to Magistrate Judge Paul J. Komives*