UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

       Plaintiff,

v.

CARRON CALDWELL,
RAYMOND BOOKER, and
MICHAEL MARTIN,

       Defendants.
_____/

Case Number 11-10448
Honorable David M. Lawson
Magistrate Judge Paul J. Komives

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING CLAIMS AGAINST DEFENDANT CARRON CALDWELL ONLY**

On January 31, 2013, Magistrate Judge Paul J. Komives filed a report recommending that the Court grant defendant Carron Caldwell's motion for summary judgment and dismiss the plaintiff's claims against her. On February 19, 2013, the plaintiff filed a "notice regarding objections" purporting to raise a number of objections to the report. The defendant has filed no response. This matter is now before the Court for fresh review.

Defendant Caldwell is the prison chaplain at the State of Michigan's former Ryan Correctional Facility in Detroit, Michigan (now known as the Detroit Reentry Facility). Plaintiff Clarence Washington was confined at Ryan Correctional Facility at the time period relevant to his complaint, and he alleges that during that time the defendants violated his First Amendment right to free exercise of religion by refusing to put him on the "fasting list" during the Muslim holy month of Ramadan. Prisoners who are placed on the fasting list receive certain accommodations from the prison during their period of fasting. Washington alleges that he exchanged several letters to defendant Caldwell asking to be placed on the fasting list, but was told that he was not eligible for

the fasting list because he had declared his religion as "Protestant" and not Muslim. According to Washington, Caldwell told him that he could fast on his own initiative without being placed on the list, but that he would not receive any special accommodations. Washington argues that the relevant MDOC policies permit a prisoner who practices any recognized religion to be placed on the fasting list, not just prisoners who have declared that they are Muslims.

I.

In his amended complaint, Washington alleges that he is a Protestant who considers fasting a part of his religious practice, in accordance with Matthew 4:1-2 ("Then was Jesus led up of the Spirit into the wilderness to be tempted of the devil. And when he had fasted forty days and forty nights, he was afterward hungry."). Washington asserts that although he communicated his desire to fast in accord with his beliefs to the defendants, they refused to allow him to participate in the fasting period set aside for Muslim prisoners to fast in observance of Ramadan. In his complaint, the plaintiff narrates his dispute with the defendants as follows:

> 9. On, or about July 30, 2010, Plaintiff Washington wrote to Defendant Caldwell, the prison's chaplain explaining his religious beliefs and his desire to be placed on the list of prisoners who would be fasting during the 31 days of Ramadan.
>
> 10. On August 10, 2010, Defendant Caldwell responded with a memo stating: "According to CMIS, your faith is other than Islamic. Lansing has required that only those prisoners who have declared Islam as their religion, e.g., Al Islam, Nation of Islam, or Moorish Science Temple of America be the only prisoners allowed to observe Ramadan."
>
> 11. Plaintiff Washington then wrote to Warden Booker explaining his religion, his desire to fast, and the importance of fasting to his religious beliefs. Plaintiff requested the Warden order him placed on the list of prisoners who would be fasting during the month of Ramadan, but Defendant Warden did not order Plaintiff placed on the list, nor did the Warden forward Plaintiff's request to CFA Coordinator Michael Martin as is required by [MDOC Policy Directive] 05.03.150.

>   12.     Plaintiff Washington continually sought approval and had several verbal discussions with Defendant Caldwell who continued to insist she would only place Muslims on the fasting list.  Caldwell was unable to provide any MDOC policy to support her action.
>
>   13.     On August 18, 2010, Plaintiff Washington again wrote Defendant Caldwell (in accordance with PD 05.03.150) explaining the importance of fasting to his religious practices.  In her response Defendant Caldwell wrote: "You can fast on your own.  I fast on Tuesdays."
>
>   14.     Neither Defendant Warden or Defendant Caldwell made any attempt to determine whether or not fasting for Plaintiff Washington was a religious practice, but made their dispositions based entirely upon the fact that the practice would not be allowed because Plaintiff was Protestant.

Am. Compl., ¶¶ 9-14.  Washington alleges that the defendants violated 42 U.S.C. 1983 by infringing his rights under the Free Exercise Clause of the First Amendment.  He seeks declaratory and injunctive relief, compensatory damages totaling $250,000, and punitive damages of $5,000 against each defendant.

On February 4, 2011, Washington filed his complaint against defendant Caldwell alleging violations of 42 U.S.C. § 1983.  On March 12, 2012, the Court granted leave for the plaintiff to file his amended complaint, which added as defendants prison Warden Raymond D. Booker and Special Activities Director Michael Martin.  To date, only defendant Caldwell has been served with the summons and complaint. On March 22, 2012, defendant Caldwell filed her motion for summary judgment.  The plaintiff filed a response to defendant Caldwell's motion on September 21, 2012, and followed with his own motion for summary judgment on September 24, 2012.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to review independently the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As the Sixth Circuit has explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed.R.Civ.P. 56(a), (b). Such a

> motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The magistrate judge concluded that Washington cannot prevail on his claims against defendant Caldwell because her undisputed testimony establishes that the only role she had in the events at issue was conveying the plaintiff's request to the Special Activities Director and communicating the Director's response to the plaintiff. The Court agrees.

According to Caldwell's affidavit, she "forwarded Washington's request to Correctional Facilities Administration (CFA) Special Activities Director Michael Martin and was informed that since Washington's religious preference was not Muslim, he could not participate in the Ramadan fast. Mot. for Summ. J. [dkt. #17], Ex. A, Caldwell aff. ¶ 9. Washington does not dispute that on

February 9, 2011, he designated his religious preference as "Protestant," *Id.* ¶ 7, and he apparently has not changed that preference. According to the Michigan Department of Corrections Policy Directive 05.03.150, "[e]ach prisoner shall be allowed to identify his/her religious affiliation, but will not be recognized as belonging to, or allowed to participate in the services or activities of, more than one religious group at any given time." Mot. for Summ. J. [dkt. #17], Ex. A, Att. 1, MDOC Policy Directive 05.03.150 ¶ S. Caldwell asserts that she replied to Washington's request and informed him that (1) because he had not designated his religious preference as Muslim, he could not participate in the Ramadan fast; (2) under Policy Directive 05.03.150, he could submit a written request to be allowed to participate in a fast if it was necessary for his religious practice; and (3) he could fast on his own initiative, but would not be placed on the Ramadan list and would not receive any special accommodations during his fast. Caldwell aff. ¶ 10, 11, 13. According to Caldwell, Washington never submitted a written request as allowed under MDOC policy. *Id.* ¶ 12.

Moreover, the policy directive at issue provides that the Special Activities Director of the prison has the authority to approve requested fasts, and it directs that a request for a fast must be submitted to the warden or regional administrator, who must forward the request to the SAD for disposition. Policy Directive 05.03.150, ¶ XX. Washington has not offered any evidence to contradict Caldwell's testimony that she did not have authority to approve or disapprove a fast and that she only communicated the request to Martin and Martin's response to Washington. Because Caldwell lacked any power to approve or deny the fast, her act of conveying the request does not constitute any affirmative personal act that caused the denial of plaintiff's rights. *West v. Macht*, 235 F. Supp. 2d 966, 971 (E.D. Wis. 2002) ("The most that can be said of [defendant's] involvement is

that she communicated the . . . policy to plaintiff . . . . This is insufficient to satisfy the requirement of direct personal involvement.").

Caldwell further argued in her motion for summary judgment that she is entitled to qualified immunity and that to the extent the complaint seeks declaratory and injunctive relief the claims are moot, because plaintiff is no longer confined at the Ryan Correctional Facility. The magistrate judge did not address these arguments, and the Court need not either, because the fact that the plaintiff has failed to make a viable showing of Caldwell's personal involvement in the alleged harm is sufficient to defeat his claims against her.

Washington submitted lengthy objections, but he repeats the same two basic arguments throughout: (1) Caldwell did have the authority to decide who could and could not fast, and she exercised her own authority when denying the plaintiff's request; and (2) the plaintiff was denied the right to exercise his religion when he was excluded from participating in the Ramadan fast for the sole reason that he is not Muslim.

First, Washington objected to the magistrate judge's findings, pointing out Caldwell's affidavit testimony that she "informed plaintiff that he can fast by his [sic] self during Ramadan, but without the prior approval from the CFA special activities coordinator, and plaintiff would have to make his own preparations and would not receive any special accomodations." He argues that "[t]hat statement itself makes clear that the defendant Caldwell did make the decision to deny plaintiff a religious fast. Defendant Caldwell did make the decision to let the Muslims fast and not the Protestant plaintiff, which is discrimination and a violation of plaintiff['s] [First Amendment] rights." Caldwell's statements lend no support to the plaintiff's argument and in fact contradict it; clearly indicating that, as she claims, Caldwell only informed him that under the policy he could not

fast without the approval of the Special Activities Director. Nothing in the cited testimony suggests that Caldwell had any authority to decide whether or not the policy would permit a given prisoner to fast, or that she made the decision whether or not to allow the plaintiff's fast in this case. Washington urges throughout his objections that Caldwell "did have the right to make the decision on her own," and "[i]t is [her] decision . . . who can be placed on the list," but he cites no evidence other than the MDOC policy directive and Caldwell's affidavit to support those contentions.

Second, Washington argues that the policy directive guarantees equal consideration to all religions, but Caldwell stated that she would put his name on the fasting list for Ramadan only if he was Muslim. As discussed above, when Caldwell merely communicated the policy and the results of the SAC's decision to Washington, she was not engaged in any individual activity that could have infringed the plaintiff's rights. Moreover, it is questionable on the record now before the Court whether Washington can establish that any action of the defendants actually infringed his free exercise rights. The policy permits each prisoner to participate in the religious observances of his declared faith, but it does not allow a prisoner to declare himself an adherent of more than one religion at a time. Leaving aside the fact that, as Caldwell points out, she had no authority to decide which prisoners were allowed to fast for the month of Ramadan, Washington has not shown that fasting during that particular month was a practice of his Protestant religion, and he thus has not demonstrated that he was denied the right to follow the practices of his religion under the policy. Washington also has not shown that he made a written request to pursue a religious practice as allowed by the policy.

In his motion for summary judgment, Washington also seeks judgment against defendants Booker and Martin, who were newly named in his amended complaint. The Court must deny the

motion as to those defendants because, as the magistrate judge noted, they have not been served and neither defendant has yet appeared or filed any responsive pleading. It is a "principle of general application in Anglo-American jurisprudence," that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999).

III.

Because the plaintiff has not provided sufficient evidence upon which a jury reasonably could conclude that an act of defendant Carron Caldwell resulted in the denial of his constitutional rights, the Court must grant the defendant's motion, deny the plaintiff's motion, and dismiss all claims against defendant Caldwell. Moreover, summary judgment in the plaintiff's favor against defendants Booker and Martin would not be appropriate at this stage of the case, where neither defendant has been served and neither has yet appeared to contest the matter.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #48] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #50] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #40] is **DENIED**.

It is further **ORDERED** that defendant Carron Caldwell's motion for summary judgment [dkt. #32] is **GRANTED**.

It is further **ORDERED** that all claims against defendant Carron Caldwell **ONLY** are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the case is referred to Magistrate Judge Paul J. Komives under the original order of reference [dkt. #7] for further proceedings, including ordering service of process on the remaining defendants.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   March 22, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2013.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL